UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HERSCHEL SPENCER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:22-cv-01165-JMS-TAB |
| DENNIS E. REAGLE, | ) ) ) |
| Respondent. | ) |

**Order Granting Petition for a Writ of Habeas Corpus**

Herschel Spencer was punished through the Indiana Department of Correction's Disciplinary Code for possession of an intoxicating substance. In this petition for a writ of habeas corpus, he raises several due process challenges to his sanction. Because Mr. Spencer did not receive a written statement articulating the reasons for his disciplinary sanction, his petition for a writ of habeas corpus is **GRANTED**.

### I.   Applicable Law

Prisoners in state custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II.     Mr. Spencer's Disciplinary Proceedings

Proceedings against Mr. Spencer began with a conduct report written by Lieutenant K. McKinney on September 3, 2021:

> On 9-3-21, I Lt. K Mckinney was alerted via radio that Offender Spencer, Herschel E970053 who was in Dining room 1 at the time had contraband on his person. I found Offender Spencer and took him to the D.O. Dry Cell #4 to Strip Search. While doing so Offender Spencer got to his right sock and I could see it contained something by the shape. I told him to give it to me, he removed it attempted to keep it from me. I stepped Into the cell and gained control of his arm. I then Ordered him to release the package or I would use force. He released the items. I then stepped out and started to see what was in it. It was toilet paper balled up with strips of paper in it. Spencer stated it was "only a few sticks". I also retrieved two salt packets that felt different. JCH Staff advised they had heard Offenders were putting meth in salt packets so I also put them into evidence.

Dkt. 9-1. A photograph in the record shows the salt packets and strips of paper that Lieutenant McKinney found. Dkt. 9-2.

Regarding the strips of paper, an Investigator Jones concluded,

> I cannot rule out that the item in question is not contaminated with an intoxicant or other synthetic compound to be used as a drug. The item in question that was confiscated are commonly found in conjunction with "spice paper". Due to the fact the appearance of the paper, all the pieces of paper are cut into "I,D" sized pieces, the texture, and the way in which the paper was found, these components meet the criteria as stated by ADP charge 202B (drug paraphernalia) or ADP B231 (Intoxicant).

Dkt. 9-4.

Mr. Spencer received a copy of the conduct report during screening. Dkt. 9-5. Mr. Spencer requested testing of the paper strips and salt packets, but no testing was conducted. *Id*.

At the disciplinary hearing, Mr. Spencer told the hearing officer, "It was just strips of paper." Dkt. 9-8. The hearing officer found Mr. Spencer guilty of possessing an intoxicant. *Id*. The only written reasoning was the phrase, "evidence supports." *Id*. The hearing officer checked boxes indicating that the officer considered staff reports, Mr. Spencer's statement, and the physical and

photo evidence. *Id.* Mr. Spencer received multiple sanctions, including a loss of 60 days of earned credit time. *Id.* Mr. Spencer's administrative appeals were denied. Dkt. 9-10.

### III. Discussion

Mr. Spencer contends that his conviction violates due process in three ways: (1) there was insufficient evidence to support his guilt; (2) he received inadequate notice of the charges against him; and (3) the disciplinary hearing officer's written statement was inadequate. Dkt. 1 at 9−16. The Court agrees that the written statement was insufficient to satisfy due process, so habeas relief is warranted based on Ground 3 in Mr. Spencer's petition.

As part of the disciplinary process, a prisoner is entitled to a written statement that "illuminate[s] the evidentiary basis and reasoning behind the decision." *Scruggs*, 485 F.3d at 941. This requirement is not "onerous." *Id.* The level of detail required "will vary from case to case depending on the severity of the charges and the complexity of the factual circumstance and proof offered by both sides." *Arce v. Ind. Parole Bd.*, 596 Fed. Appx. 501, 503 (7th Cir. 2015) (cleaned up).

The requirement serves two purposes: (1) to ensure that "prisoners are not subjected through sloppy procedures to an undue risk of being disciplined for things they have not actually done" and (2) to allow appeals officers and reviewing courts to determine "whether the evidence before the [hearing officer] was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). Except in perhaps the simplest cases, "a mere conclusion that the prisoner is guilty" is not enough. *Id.*

Here, the disciplinary hearing officer checked boxes on a form to indicate that they considered "Staff Reports," "Statement of Offender," and "Physical Evidence (specifically Photo)." Dkt. 9-8. This is enough to show what evidence the disciplinary hearing officer

3

considered. But a written statement must go a step further to also "illuminate the . . . reasoning behind the decision." *Scruggs*, 485 F.3d at 941. Here, the disciplinary hearing officer provided two words of "reasoning":

> Reason for decision
> evidence supports

Dkt. 9-8.

This is no more than a "mere conclusion that the prisoner is guilty." *Saenz*, 811 F.2d at 1174. And the hearing officer's lack of explanation leaves too many questions unanswered:

- Which items did the disciplinary hearing officer find to contain an intoxicating substance — the paper strips? The salt packets? Both?

- Did the disciplinary hearing officer conclude that the tiny strips of paper were the same as the "'I,D' sized pieces" of paper referenced by Investigator Jones? *See* dkt. 9-4. And if so, what does "'I,D' sized" mean?

- Lieutenant McKinney's report did not conclude that the strips of paper contained an intoxicant. Dkt. 9-1. Meanwhile, Investigator Jones concluded that the strips "meet the criteria as stated by ADP charge 202B (drug paraphernalia) **or** ADP B231 (Intoxicant)." Dkt. 9-4. So why did the disciplinary hearing officer conclude that Mr. Spencer possessed an intoxicating substance, rather than paraphernalia?

- As for the salt packets, was there any evidence that the packets had been opened or otherwise tampered with, as would support a finding that they contained an intoxicating substance? *See* dkt. 9-2 (showing no obvious tampering).

In addition to the written-statement requirement, due process requires "some evidence" to support the disciplinary hearing officer's finding of guilt. *See Hill*, 472 U.S. at 454. Without the hearing officer's answers to at least some of the questions above—especially the first one—the Court cannot meaningfully assess whether "some evidence" supports the finding of guilt.

Because Mr. Spencer did not receive an adequate written statement illuminating the reasoning behind the disciplinary hearing officer's decision, *Scruggs*, 485 F.3d at 941, he did not receive due process and is entitled to habeas corpus relief.

### IV. Conclusion

Mr. Spencer's petition for a writ of habeas corpus is **GRANTED**. His disciplinary conviction and the sanctions imposed must be **VACATED AND RESCINDED**. His earned credit time must be immediately restored, and his new release date must be calculated accordingly.

Final judgment shall now enter.

**IT IS SO ORDERED.**

Date: 7/31/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

HERSCHEL SPENCER
970053
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Erica Sue Sullivan
INDIANA ATTORNEY GENERAL
erica.sullivan@atg.in.gov